Filed 10/10/24  P. v. Sanchez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>MARIO ISRAEL SANCHEZ,<br><br>       Defendant and Appellant. | E082633<br><br>(Super.Ct.No. RIF103887)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Gary Polk, Judge.

Affirmed.

Mario Israel Sanchez, in pro. per.; and Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Mario Israel Sanchez appeals from an order of the Riverside County Superior Court denying his Penal Code section 1172.6 petition for resentencing.[1]

## BACKGROUND

In September 2023, after joint trial, a jury convicted defendant and his two codefendants, Francisco Javier Vallejo and Salomon Frank Vallejo, of two counts of attempted murder (§§ 187, 664, counts 1 & 2) and discharging a firearm from a motor vehicle (former § 12034, subd. (c), count 3). Defendant was also convicted of being a felon in possession of a firearm (§ 12021, subd. (a)(1), count 4). (*People v. Vallejo et al.,* (June 13, 2005, E034555) [nonpub. opn.] (*Vallejo*).)

The jury also found true several other allegations, including (i) that, in connection with the two counts of attempted murder, a principal personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (e)(1)); (ii) that the defendants acted willfully, deliberately, and with premeditation (§ 664, subd. (a)); and (iii) that the defendants acted in concert because of the victims' actual or perceived race (a "hate crime"). (§ 422.75, subd. (c).) Defendant also admitted one prior serious or violent felony conviction and a prior strike conviction.

We affirmed defendant's conviction in his appeal from the judgment, but ordered correction of his sentence and abstract of judgment. As corrected, defendant's sentence imposed for the attempted murder convictions are as follows: as to count 1, a life term

---

[1] All further statutory references are to the Penal Code.

with a minimum parole eligibility date of 30 years, plus a consecutive term of 25 years to life for the enhancement of causing great bodily injury by personally discharging a gun, and a three-year consecutive term for the hate crime enhancement; as to count 2, a life term with a minimum parole eligibility date of 30 years to run currently with the sentence imposed for count 1, plus stayed terms of 20 years for the principal discharge enhancement, three years for the hate crime enhancement.  (*Vallejo*, *supra*, E034555.)

In June 2023, defendant filed a section 1172.6 petition for resentencing in which he averred in relevant part that he was charged and convicted of attempted murder in a manner that allowed him to be prosecuted on a theory of imputed malice or under the natural and probable consequences doctrine, and that he could not presently be convicted of attempted murder.  At the prima facie hearing, counsel for the People represented he had given a copy of the jury instructions to defendant's counsel, and that the instructions given related only to a theory of aiding and abetting, and did not include instructions on felony murder, natural and probable consequences, or any other theory by which malice could be imputed to the defendant on account of another's actions.  Defendant's counsel agreed with the People's representation and submitted.  The trial court indicated it had taken a "quickie look" at the instructions, that it agreed with the People and denied defendant's petition.

Defendant timely noticed this appeal and we appointed appellate counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth a statement of the case but does not present any issues for adjudication.[2] Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 to conduct an independent review of the record in appeals from denials of section 1172.6 petitions, and notes an issue considered by counsel, that is, whether the trial court erred when it denied defendant's petition at the prima facie stage.

Upon receipt of the opening brief, we notified defendant that (i) his counsel had filed a brief stating no arguable issues could be found, and (ii) this court is not required to conduct an independent review of the record but may do so in its discretion. We also invited defendant to file any supplemental brief deemed necessary.

In response to our invitation, defendant submitted a carefully handwritten supplemental brief in which he argues he is entitled to relief for several reasons, as follows:

(i) Defendant argues it is clear that a theory of malice was imputed in his case because the jury instruction given concerning attempted murder (CALJIC No. 8.66) contains the word "malice," and the instruction given with respect to shooting from a vehicle at a person (CALJIC No. 9.05) contains the word "maliciously." What defendant

---

**2** Counsel did not include a statement of facts underlying defendant's conviction on the theory that the facts are not relevant because the court may only deny a petition for resentencing at the prima facie stage only if the defendant is ineligible for relief as a matter of law.

overlooks is those instructions do not permit the jury to attribute someone else's malice to defendant, that is, the requirement of malice in those instructions is not "imputed."

(ii)  Defendant correctly notes that, in response to an inquiry by the jury during deliberations following his trial, the trial court mentioned CALJIC No. 3.02, which is the natural and probable consequences jury instruction. He argues the mention of the instruction is not only a trial court error but also "guarantees" him the benefits of that instruction with respect to his petition for resentencing. He is mistaken.

The court stated:

"The Court has received an inquiry from the jury that I observe you all have.  It's not very specific.  It looks like it's a potential question is the way it's worded.  I rather suspect that they're struggling with how this is interpreted with instructions 3.00, 3.01 and 3.02, but they don't ask that question."

It appears the court's reference to "3.02" was either a misstatement or a typographical error.  The jury's question did not mention a jury instruction and, in all events, the inquiry did not relate to the attempted murder charges.  Rather, the jury request was for "a verbal clarification on count 3 regarding the shooting at a person from a vehicle charge.  We are unclear on how to apply the law on this particular count."  The court, with the agreement of the parties, responded, "'Please refer to instruction 9.05,'" which is the CALJIC instruction for shooting from a vehicle.[3]

---

[3]    We note defendant had initially requested CALJIC No. 3.02, but the request was withdrawn and the instruction was not given to the jury.

5

(iii)  Defendant points to *People v. Underwood* (2024) 99 Cal.App.5th 303 (*Underwood*) in support of his claim that, "per the amended law," the evidence is insufficient to prove he harbored murderous intentions towards the victim.

The facts in defendant's case are readily and decisively distinguishable from *Underwood*.  There, a jury found Underwood guilty of first degree murder and robbery based upon his  participation in a 1987 spontaneous mugging of a pedestrian during which an accomplice stabbed and killed the victim with a knife.  (*Underwood*, *supra*, 99 Cal.App.5th at pp. 306-307.)  Underwood's resentencing petition made pursuant to former section 1170.95 (now § 1172.6) was denied by the trial court after an evidentiary hearing.  (*Underwood*, at pp. 306-307, 311.)  The Court of Appeal reversed, finding insufficient evidence to support the trial court's conclusion that Underwood intended to kill the victim or that he acted with reckless indifference to human life.  (*Id.*, at p. 321.)  Contrary to the trial court's finding, the accomplice's ordering the victim to "'give me the wallet or I'll kill you'" was a threat inherent in robberies and did not establish an intent to kill.  (*Id.*, at p. 314.)  Moreover, Underwood was unarmed and there was no evidence he knew the accomplice was armed, the robbery was a very brief interaction, and it appeared Underwood's intent was simply to overpower the victim and take his wallet.  (*Id.*, at pp. 314-321.)

Here, on the other hand, the crimes leading to defendant's conviction were not spontaneous random events that took place without his knowledge that guns and shooting would be involved.  He and his codefendants were active gang members acting for the benefit of a criminal street gang who were found to have discharged a gun out of a motor

6

vehicle at persons targeted because of their actual or perceived race. The shootings were part of a pattern of shootings taking place in May 2002 between the defendants' gang (East Side Riva, a Hispanic gang) and members of a rival gang, 1200 Blocc Crips, described as an African-American-based street gang. Moreover, the incidents forming the basis of defendant's convictions for attempted murder occurred approximately 45 minutes apart, which underscores the conclusion that defendant was aware of and intentionally participating in the activities leading to his conviction for attempted murder.

Defendant is correct that the record contains a statement (made by the prosecutor) at the time of sentencing that defendant was the only one of the three defendants who expressed remorse about what he had done. Defendant was also the only one that cooperated with law enforcement and helped them locate the firearms. While we agree it was appropriate for the People to request the trial court to consider defendant's remorse and cooperation when deciding whether to impose a midterm instead of a upper term for the hate crime enhancement, and running the resulting sentence concurrently instead of consecutively, defendant's remorse and cooperation are not relevant considerations with respect to the issue whether defendant is entitled to section 1172.6 resentencing relief.

(iv) In the course of his insufficient-evidence-of-intent-under-*Underwood* argument, defendant claims he could not have been the shooter in the attempted murder set forth in count 2. The issue whether there was substantial evidence to support defendant's conviction on that count was raised and decided in his appeal from the judgment, and may not be relitigated in this appeal.

7

(v)  Defendant posits that he would have prevailed on his petition were it not for the failure of his trial counsel to contact him for the purpose of planning a strategic defense or counsel's failure to address the issues concerning jury instructions he raises in his supplemental brief.  As suggested by our discussion of the issues raised by defendant set forth in paragraphs (i) through (iv), *ante*, even if counsel had argued those points at the prima facie hearing on defendant's petition, defendant would not have prevailed.

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

CODRINGTON
J.

8